IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA
CIVIL DIVISION

| | |
|---|---|
| WILLIAM ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 12-6756C1-20 |
| ) | 2013 31838  CICI |
| TECHTRONIC INDUSTRIES NORTH ) | |
| AMERICA, INC., ONE WORLD ) | JURY TRIAL DEMANDED |
| TECHNOLOGIES, INC. AND RYOBI ) | |
| TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff WILLIAM ANDERSON hereby files the instant Complaint against Defendants TECHTRONIC INDUSTRIES CO., LTD., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and RYOBI TECHNOLOGIES, INC., and states as follows:

### JURISDICTION AND VENUE

1.  This is a personal injury action that greatly exceeds this Court's minimum jurisdiction of $15,000.00. All acts or omissions of negligence occurred in Volusia County, Florida. The Court has jurisdiction over Defendants because, at all relevant times, they designed, manufactured, sold, distributed, promoted and place into the stream of commerce in Florida numerous power tools including the Ryobi table saw at issue in this case. Defendants also conducted business in the State of Florida and the causes of action asserted herein arose from and are connected to purposeful acts taken by Defendants in Florida. Defendants' contacts with Florida were continuous and systematic.

2.      All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## PARTIES

3.      Plaintiff William Anderson is an individual residing in Daytona, Florida.

4.      Defendant Techtronic Industries North America, Inc. ("TTI-NA") is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625. TTI-NA may be served with process by serving its registered agent, Corporation Service Company, 2711 Centreville Road, Suite 400, Wilmington, DE 19808.

5.      Defendant One World Technologies, Inc. is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625. TTI-NA may be served with process by serving its registered agent, Corporation Service Company, 2711 Centreville Road, Suite 400, Wilmington, DE 19808.

6.      Defendant Ryobi Technologies, Inc. is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625. TTI-NA may be served with process by serving its registered agent, Corporation Service Company, 2711 Centreville Road, Suite 400, Wilmington, DE 19808.

## FACTS COMMON TO ALL COUNTS

7.      This suit arises out of the serious and permanent personal injuries suffered by Plaintiff on or about February 3, 2011 due to the wrongful conduct of Defendants in designing, manufacturing, distributing and selling a Ryobi brand table saw, Serial No. XX044072734 (the "Ryobi Saw").

8.      Defendants designed, manufactured, marketed and sold the Ryobi Saw at issue. In so doing, Defendants failed to utilize available safety technology in the Ryobi Saw.

9. The Ryobi Saw, like all table saws sold in the United States, is required to be sold with a blade guard. However, the blade guard on the Ryobi Saw is extremely difficult to use and must be removed for a user to make certain cuts with the saw. Once removed, it is extremely difficult to reattach the blade guard. Thus, it is common practice for users of the Ryobi Saw to either assemble the saw without the guard or to remove the guard and leave it permanently off the machine while using the table saw. This widespread practice was well know by Defendants, yet Defendants made no effort to improve the design of the guard to make it more user friendly until required to do so by recent changes to industry-wide standards.

10. The Ryobi Saw also comes with a splitter or spreader attached to the guard that is designed to prevent kickbacks while cutting. A kickback is often the result of the saw blade being pinched by the wood as it is being cut. The back of the saw blade can cause the wood to jerk or kick back at high velocity into the user, causing the user's hands or fingers to be land on or be pulled into the spinning blade of the saw and leading to catastrophic and permanent injuries. Kickbacks are a common and well-recognized phenomenon of which Defendants had actual knowledge at the time the Ryobi Saw was designed, manufactured, distributed and sold.

11. Defendants designed the splitter or spreader of the Ryobi Saw to be attached directly to the guard. When the guard is removed, as it often is, no kickback protection is provided to the user. Because it used such a splitter or spreader design, the Ryobi Saw was unreasonably dangerous as designed and manufactured.

12. Defendants have known for many years that kickbacks can be substantially reduced or eliminated by using a riving knife rather than a spreader or splitter. A riving knife is a small piece of metal that sits behind the blade and rises and falls with the blade. Even if the guard is removed, the riving knife remains in place, substantially reducing or eliminating

kickbacks. Riving knifes have been used for decades in Europe and are required on all power tables saws sold in Europe. Recently, riving knifes have been included as necessary safety equipment pursuant to new industry-wide standards adopted in the United States.

13. The Ryobi Saw used by Plaintiff did not have a riving knife. Had Defendants used this safer alternative design on the Ryobi Saw, Plaintiff would not have been injured or his injuries would have been substantially reduced. Because it lacked a riving knife, the Ryobi Saw was unreasonably dangerous as designed and manufactured.

14. For many years other technology has been available that would have eliminated or reduced Plaintiff's injury. Such technology, known as SawStop, stops the spinning saw blade almost instantly upon contact with human skin.

15. In or around November 2000, Defendants were made aware of flesh-sensing technology that stops a spinning table saw blade almost instantly upon contact with human skin. Subsequently, Stephen Gass, the inventor of the SawStop technology, offered to make the technology available to Defendants and other manufacturers through a licensing agreement. The SawStop technology was feasible for incorporation into the Ryobi Saw.

16. Defendants, acting through the Power Tool Institute, refused to license the SawStop technology and instead participated in a group boycott of SawStop. They also lobbied the Consumer Product Safety Commission to prevent the adoption of flesh detection technology as a safety standard for table saws.

17. Defendants and other table saw manufacturers failed to pursue a license of the available SawStop technology or to incorporate similar technology into their table saws. As a result, the Ryobi Saw had no flesh-detecting technology or other similar technology that would

stop a spinning saw blade upon contact with human skin. Because it lacked such technology, the Ryobi Saw was unreasonably dangerous as designed and manufactured.

18. On or about February 3, 2011, while using the Ryobi Saw in the reasonable, foreseeable and intended manner, Plaintiff suffered severe and permanent personal injuries caused by contact between his fingers and the saw's rotating blade. At the time of his injury, Plaintiff was acting reasonably and was exercising all due care for his own safety

## COUNT I

## STRICT PRODUCT LIABILITY

19. Plaintiff re-alleges Paragraphs 1 through 18 and incorporates them herein by reference.

20. Defendants are liable under the theory of product liability as set forth in §§ 402A and 402B of the Restatement of Torts 2d. These Defendants at all times material hereto engaged in the business of designing, manufacturing, assembling, selling, marketing, and/or supplying the Ryobi Saw. The Ryobi Saw was in a defective condition at the time that it was designed, manufactured, sold, and/or marketed by the Defendants and at the time it left Defendants' possession. The Ryobi Saw reached Plaintiff without any substantial change in their condition and the Ryobi Saw was in the possession of the Defendants at the time the defect occurred.

21. The condition of the Ryobi Saw made it unreasonably dangerous for its intended use. Plaintiff was a user of the Ryobi Saw and was unaware of the defect and used the Ryobi Saw in a reasonable, foreseeable and intended manner. The injury suffered by Plaintiff was the exact type of injury that can be caused by a defective table saw.

22. The Ryobi Saw failed to perform as safely as an ordinary consumer, such as Plaintiff, would expect when used in an intended or reasonably foreseeable manner. The benefits

of the design of the Ryobi Saw do not outweigh the risk of danger inherent in such design. Moreover, the Defendants could have provided a safer alternative design into the Ryobi Saw that included, among other things, a riving knife, a better blade guard system and flesh detection technology. Such a safer alternative design existed at the time the Ryobi Saw was manufactured, and it would not have substantially impaired the Ryobi Saw's utility. Such safer alternative design was economically and technologically feasible at the time the product left the control of the Defendants by the application of existing or reasonably achievable scientific knowledge. The Ryobi Saw's defective design was a proximate cause of Plaintiff's injuries and damages.

23. The defective condition of the Ryobi Saw was a legal cause and proximate cause of Plaintiff's injury and of his resulting physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, lost wages and loss of his ability to engage in usual and normal activities.

24. For these reasons, the Defendants are strictly liable under Florida product liability law without regard to proof of negligence or gross negligence.

## COUNT II

### NEGLIGENCE

25. Plaintiff re-alleges the consistent allegations in Paragraphs 1 through 18 and incorporates them herein by reference.

26. Defendants had a duty to exercise reasonable care in the design, manufacture, marketing, testing, approval, application for approval, inspection, sale and distribution of the Ryobi Saw into the stream of commerce. Defendants failed to exercise ordinary care in the design, manufacture, marketing, testing, inspection, sale and/or distribution of the Ryobi Saw into interstate commerce and thus Defendants were negligent in all of these areas. As a result of

the negligence of Defendants, the Ryobi Saw was unreasonably dangerous for its ordinary and foreseeable use at the time it left the possession of Defendants.

27. Defendants' negligence was a proximate cause of Plaintiff's injury and of his resulting physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, lost wages and loss of his ability to engage in usual and normal activities.

## COUNT III

### BREACH OF IMPLIED WARRANTY OF FITNESS

28. Plaintiff re-alleges the consistent allegations in Paragraphs 1 through 18 and incorporates them herein by reference.

29. Defendants had reason to know that the particular purpose for which the Ryobi Saw was to be used. Defendants had reason to know that the buyer or supplier was relying on the skill and judgment of Defendants to select or furnish suitable products. The product supplied by Defendants was unfit for the particular purpose for which it was purchased. This lack of fitness for the product's purpose was a legal cause and proximate cause of Plaintiff's injury and of his resulting physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, lost wages and loss of his ability to engage in usual and normal activities. Defendants are liable to Plaintiff for breach of the implied warranty of fitness.

### DAMAGES

30. The wrongful acts of Defendants set forth above were a legal cause of Plaintiff's injuries and damages. Plaintiff seeks all actual damages available under Florida law including, without limitation: (a) damages for physical pain, mental anguish, physical disfigurement, and physical impairment; (b) damages for medical care and treatment; (c) damages for lost wages; and (d) damages for loss of Plaintiff's ability to engage in usual and normal activities.

31.     All conditions precedent to Plaintiff's recovery under the foregoing claims have been performed, have occurred or have been excused.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, that the Court set this case for jury trial, that judgment be entered against Defendants, jointly and severally, for the damages set forth herein as well as pre-judgment and post-judgment interest and costs of suit and that the Court grant Plaintiff such other and further relief to which he may be justly entitled.

Respectfully submitted,

_/s/ John Chapman_

John Chapman, Esq.
FBN: 10314
**HEYGOOD, ORR & PEARSON**
2331 West Northwest Highway, 2nd Floor
Dallas, TX 75220
Telephone No.: (214) 237-9001
Facsimile No.:  (214) 237-9002

**ATTORNEYS FOR PLAINTIFF**