UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM ANDERSON,

    Plaintiff,

v.                                      Case No:   6:13-cv-1571-Orl-40TBS

TECHTRONIC INDUSTRIES NORTH
AMERICA, INC., ONE WORLD
TECHNOLOGIES, INC. and RYOBI
TECHNOLOGIES, INC.,

    Defendants.

## REPORT AND RECOMMENDATION

This case comes before the Court without oral argument on the motion of Defendants, Techtronic Industries North America, Inc., One World Technologies, Inc., and Ryobi Technologies, Inc., to strike Plaintiff William Anderson's bill of costs because it was not filed within the 14 day time limit prescribed by Middle District of Florida Rule 4.18 (Doc. 133).

This case was tried and the jury returned a verdict for Plaintiff (Doc. 116). Judgment for Plaintiff was entered on May 12, 2015 (Doc. 117). The judgment awards Plaintiff damages and interest, "along with costs." (Id.). "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920. "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Plaintiff filed his bill of costs on June 9, 2015, which was 28 days after the judgment was entered (Doc. 132). While there is no time limit in Rule 54 for the filing of a motion to tax costs Local Rule 4.18 provides:

> In accordance with FED. R. CIV. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment.  The pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to this rule.

M.D. FLA. Rule 4.18.

Courts in this district enforce Rule 4.18 and have denied bills of costs filed more than 14 days after the entry of judgment.  Saadi v. Maroun, No. 8:07-cv-1976-T-24MAP, 2009 WL 4730533, at *3 (M.D. Fla. Dec. 7, 2009); Giminez v. American Sec. Ins. Co., No. 8:08-cv-2495-T-24TGW, 2009 WL 3048563, at *2 (M.D. Fla. Sept. 21, 2009); Sanders v. Drainfield Doctor, Inc., No. 6:06-cv-1216-Orl-28GJK, 2009 WL 667158, at *4 (M.D. Fla. Mar. 13, 2009); Blanton v. Univ. of Florida, 2:05-cv-421-FtM-34SPC, 2008 WL 928114 at *3 (M.D. Fla. Apr.4, 2008); Porcelli v. Onebeacon Insurance Co., Case No. 2:02-cv-303-FtM-33DNF, 2006 WL 3333599, at *1 (M.D. Fla. Nov.16, 2006); Estate of Miller ex rel. Miller v. Ford Motor Co., No. 2:01-cv-545-FtM-29, 2004 WL 6235323, at *4 (M.D. Fla. Dec. 17, 2004); Evans v. City of Neptune Beach, No. 97-483-cv-J-21A, 1999 WL 462984, at *1 (M.D. Fla. May 26, 1999).

If Rule 4.18 applies then, absent an extension of time, Plaintiff's bill of costs should be stricken because it was filed after the 14 day deadline.  Plaintiff argues that the deadline does not apply because the judgment awards him costs and therefore, he was not required to file a "motion or petition" seeking an award of costs.  His argument relies on dicta in the case of In re Seroquel Products Liability Litigation, No. 6:06-md-1769-Orl-22DAB, 2009 WL 618240 (M.D. Fla. Mar. 12, 2009).  In Seroquel, AstraZeneca filed a motion for an extension of time to file its bill of costs in two related cases.  The motion was made on the 19th day following the entry of judgment in one case, and on

the 14th day following the entry of judgment in the other case. The court granted the motion, noting that the delay was brief and the plaintiffs had failed to demonstrate prejudice. Id., * 1. The decision includes the following:

> The Court notes that indeed AstraZeneca is entitled to recover costs in both of the above-captioned cases, as set forth in the corresponding judgments. See Doc. 51, Haller v. AstraZeneca Pharms. LP, et al., No. 6:07-cv-15733-Orl-22DAB; Doc. 51, Guinn v. AstraZeneca Pharms. LP, et al., No. 6:07-cv-10291-Orl-22DAB. It is decidedly unclear, however, whether Local Rule 4.18 was intended to cover situations in which a party's entitlement to costs has already been found, and all that is left to do is lodge a bill of costs with the Clerk. Indeed, it is conceivable that a bill of costs is neither an "application" for costs nor a "claim" for costs governed by the fourteen day time limit imposed by Rule 4.18. Furthermore, in the event Local Rule 4.18 does not apply, the prevailing Federal Rule of Civil Procedure sets no time limit for the filing of a bill of costs. Thus, although it would have been better practice for AstraZeneca to have filed its bills of costs within the fourteen day time period set forth by Rule 4.18, the Court cannot say for sure whether AstraZeneca was required to do so. (Footnote omitted).

The parties have not cited, and I have not located another case discussing this issue. However, in Blanton, the court denied an untimely bill of costs even though the judgment specifically mentioned costs. 2008 WL 928114, at *1. The judgment in Blanton provided for the defendant to "recover of the Plaintiff, Denise L. Blanton, their [sic] costs of action." Case No. 2:05-cv-421-FtM-34SPC, Doc. 101. Twenty-one days later, the defendant filed a motion for attorney's fees and costs. The court, without discussing the effect of the award of costs in the judgment, denied the motion as untimely under Rule 4.18.

It appears to me that Rule 4.18 was implemented to aid the Court in managing its docket by establishing the deadline for parties to apply for an award of costs and/or attorney's fees. The rule does not distinguish between judgments that decide a party's

entitlement to fees and costs and judgments that are silent on the issue. And, in my view, there is no reason to make this distinction in light of what I perceive to be the purpose of the rule. Although the judgment in this case determined Plaintiff's entitlement to costs, he still had to make application for his costs which he did by filing the bill of costs. Plaintiff's bill of costs is a claim, as contemplated by Rule 4.18 because it is subject to challenge and adjudication by the Court. Accordingly, I respectfully recommend the Court find that Plaintiff had through May 26, 2015 to file his bill of costs. Because Plaintiff did not file his bill of costs within the time provided, I respectfully recommend that Defendants' motion to strike the bill of costs be **granted**.

In his response to the motion to strike, Plaintiff requests that the Court enlarge by 14 days, the time to file his bill of costs. I have entered a separate Order denying this motion without prejudice because counsel did not comply with Local Rule 3.01(g)'s requirement that counsel confer in good faith before the motion was filed.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on July 2, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Presiding District Judge